IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

Gregory H. Ladner,  )
    Plaintiff,  )
           )
v.  )  1:11cv1290 (TSE/IDD)
           )
Ted Hull, et al.,  )
    Defendants.  )

F I L E D
JUN 1 8 2013
CLERK, U.S. ...
ALEX...

## MEMORANDUM OPINION

Gregory Ladner, a former Virginia inmate proceeding pro se, has filed this civil rights action, pursuant to 42 U.S.C. § 1983, alleging that defendants violated his right to access to the courts and his right under the Religious Land Use and Institutionalized Persons Act (RLUIPA). Defendants submitted a joint Motion for Summary Judgment, and plaintiff has replied. For the reasons that follow, defendants' Motion must be granted, in part, as to the denial of access to the courts claim, and deferred, in part, as to the Free Exercise Clause claim.

### I. Background

The following facts are undisputed:

Plaintiff was incarcerated at Northern Neck Regional Jail ("NNRJ") from August 20, 2010 to October 18, 2010. Br. Supp. Mot. Summ. J. (hereinafter "Def. Br.") 2, ECF No. 24. Upon arrival at NNRJ, inmates are allowed three free phone calls, which they can use to contact their attorneys. Id. All inmates have access to visitation by their lawyers or the ability to make collect calls or send mail to their lawyers. Def. Br. 2.

The law library at NNRJ is a computerized library and does not have hardbound books. Def. Br. 2; Pl. Reply 1, ECF No. 28. Each housing unit is allowed one to two hours per week access to the law library, and inmates may request additional time if needed. Def. Br. 2. There

is no e-mail provided for any inmate, nor are there persons provided by NNRJ to assist with legal matters. Def. Br. 3.

At NNRJ, there are no formal religious services for any denomination or any faith. Id. There are, however, volunteer clergy persons available to visit and counsel inmates for all major faiths besides Islam and Buddhism. Id.

Plaintiff alleges that defendants violated his constitutional right to access the courts because (1) he cannot call his attorney collect and therefore cannot make free telephone calls to this attorney; (2) the law library at NNRJ is inadequate; (3) he had inadequate access to the law library; (4) NNRJ does not provide typewriters to inmates; and (5) NNRJ does not provide legal assistance to inmates. He also alleges that the lack of religious services as NNRJ violates his right under the Free Exercise Clause of the First Amendment.

## II. Standard of Review

Summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The moving party bears the burden of proving that judgment on the pleadings is appropriate. See Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986) (moving party bears the burden of persuasion on all relevant issues). To meet that burden, the moving party must demonstrate that no genuine issues of material fact are present for resolution. Id. at 322. Once a moving party has met its burden to show that it is entitled to judgment as a matter of law, the burden then shifts to the non-moving party to point out the specific facts which create disputed factual issues. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); Matsushita Electrical Industrial Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

In evaluating a motion for summary judgment, a district court should consider the evidence in the light most favorable to the non-moving party and draw all reasonable inferences from those facts in favor of that party. United States v. Diebold, Inc., 369 U.S. 654, 655 (1962). Those facts which the moving party bears the burden of proving are facts which are material. "[T]he substantive law will identify which facts are material. Only disputes over facts which might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." Anderson, 477 U.S. at 248. An issue of material fact is genuine when, "the evidence ... create[s] [a] fair doubt; wholly speculative assertions will not suffice." Ross v. Communications Satellite Corp., 759 F.2d 355, 364 (4th Cir. 1985). Thus, summary judgment is appropriate only where no material facts are genuinely disputed and the evidence as a whole could not lead a rational fact finder to rule for the non-moving party. Matsushita, 475 U.S. at 587.

### III. Analysis

#### A. Denial of Access to the Courts

Defendants' Motion for Summary Judgment must be granted as to the claim concerning denial of access to the courts. To state a claim for denial of access to the courts, a plaintiff must establish that he suffered an "actual injury or specific harm." Hause, 993 F.2d at 1084–85; see, e.g., Strickler v. Waters, 989 F.2d 1375, 1382 (4th Cir. 1993); Magee v. Waters, 810 F.2d 451, 452–53 (4th Cir. 1987). To make out a prima facie case of denial of access to the courts, the inmate cannot rely on conclusory allegations; he must identify with specificity an actual injury resulting from official conduct. Cochran v. Morris, 73 F.3d 1310, 1316 (4th Cir. 1996); see also White v. White, 886 F.2d 721, 723–24 (4th Cir. 1989). Actual injury requires the inmate to

"demonstrate that his nonfrivolous, post-conviction or civil rights legal claim has been frustrated or impeded." Jackson v. Wiley, 352 F. Supp. 2d 666, 679–80 (E.D. Va. 2004).

Plaintiff claims that his right to access the courts was violated because NNRJ did not provide typewriters or legal assistance; however, an inmate's right to access to the courts does not include the right to possess a typewriter, see Wenzler v. Warden, 949 F. Supp. 399, 401 (E.D. Va. 1996), or a "freestanding right" to legal assistance, Lewis v. Casey, 518 U.S. 343, 351 (1996) (holding that an inmate cannot establish injury simply by challenging the adequacy of the prison's legal assistance program). Therefore, plaintiff has failed to state a claim of denial of access to the courts based on these allegations.

As to plaintiff's claims concerning the adequacy of the prison's law library, the amount of access he had to the law library, and his right to make free telephone calls to his attorney, plaintiff has failed to identify a specific injury that resulted from were caused by these alleged violations. Plaintiff concedes that his inability to call his attorney collect is a limitation imposed by his attorney, not by NNRJ. Furthermore, although plaintiff stated in the Amended Complaint that "as a result[,] the time that was allotted to me to file [an appeal notice] had expired," plaintiff failed, in both the Amended Complaint and in his opposition to the Motion for Summary Judgment, to give sufficient details concerning an actual injury that resulted from the alleged shortcomings of the library and telephone system at NNRJ. Plaintiff did not identify the specific case that he wished to appeal or how, specifically, defendants prevented him from being able to meet a certain deadline.

Furthermore, Ted Hull, Superintendent of NNRJ, states in a sworn affidavit attached to the Motion to Summary Judgment that "[e]ach housing unit is allowed one to two hours per week access [to the law library] and, if more time is needed, an inmate can request it and it will

be arranged." Hull Aff. ¶ 3, ECF No. 24-1. Defendants submit that plaintiff did not request additional time in the law library. Def. Br. 9. In his response, plaintiff asserts that his requests for additional time in the library went unanswered, but he does not provide any support for these allegations. Resp. 2, ECF No. 28. Accordingly, defendants' Motion for Summary Judgment must be granted as to this claim.

## B. First Amendment Free Exercise Clause

Defendants' Motion for Summary Judgment must be denied as to the Free Exercise Clause claim because additional facts are needed to determine the merits of plaintiff's claim. Ted Hull states in a sworn affidavit attached to defendants' Motion for Summary Judgment:

> There are no formal religious services for any denomination or any faith at NNRJ, although there are volunteer clergy men and women who visit and counsel with inmates for all major faiths except Islam and Buddhism. ... Any inmate seeking religious counseling or prayer services with a clergy person can make a request for such. ... If a clergy person is not available for the particular religious denomination requested by the inmate, the inmate is offered counseling with a non-denominational clergy person.

Hull Aff. ¶¶ 11–12, ECF No. 24-1. However, plaintiff asserts in his opposition to the Motion to Dismiss that he was not aware of these programs or that he had the ability to request a visit from a clergy person. Opp. 10, ECF No. 28. He states:

> I were [sic] on a 24 hour maximum security lockdown within a pod .... There were [sic] no or ever had been one religious clergy person that has ever been on or inside of my pod or any other one .... There were [sic] no going out of my maximum security pod for any religious service for prayer or for any counseling whatsoever.

Id. at 10–11.

Because there appears to be a dispute of material fact as to whether plaintiff could receive visitors or knew that he could request visitors, and because several material facts are missing from both parties' briefs, the parties are directed to provide additional facts concerning this

5

claim. Specifically, the parties must provide, to the extent they are able, information concerning plaintiff's housing unit; whether plaintiff was on "24 hour maximum security lockdown," as he alleges, and how he came to be there; whether "24 hour lockdown" is the same as administrative segregation, and if not, what are the differences; what are the consequences of being on "24 hour lockdown" and administrative segregation; and whether plaintiff was permitted to have visitors, including clergy men and women, while in the housing unit in question. Plaintiff will be given the opportunity to respond to defendants' supplemental brief.

## IV. Conclusion

For the above-stated reasons, defendants' Motion for Summary Judgment must be granted, in part, as to the denial of access to the courts claim, and denied, in part, as to the Free Exercise Clause claim. Defendants are directed to submit additional briefing on the Free Exercise Clause claim within thirty (30) days. An appropriate Order shall issue.

Entered this 18th day of June 2013.

Alexandria, Virginia

T. S. Ellis, III
United States District Judge

6